Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
LaTeigra C. Cahill (NV Bar No. 14352)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
(702) 420-2001
ecf@randazza.com

Attorneys for Plaintiff,
Universal Life Church Monastery

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY a/k/a UNIVERSAL LIFE CHURCH,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA; LYNN MARIE GOYA (in her official capacity as Clark County Clerk); STEVE WOLFSON (in his official capacity as the Clark County District Attorney); JANE DOE; JOHN ROE; and JANE POE,<br><br>Defendants. | Case No. _____<br><br>**VERIFIED 42 U.S.C. §1983 COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES**<br><br>**INJUNCTIVE RELIEF REQUESTED**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Universal Life Church Monastery, also known as the Universal Life Church ("Plaintiff" or "ULCM"), brings this action under 42 U.S.C. §1983 to address Defendants' violations of Plaintiff's rights protected by the First and Fourteenth Amendments of the United States Constitution and the rights protected by the Nevada Constitution. Plaintiff seeks injunctive and declaratory relief, and should be

awarded damages, costs, attorney's fees, and any other relief to which it is entitled as a victim of Defendants' civil rights violations.

**INTRODUCTION**

1. Clark County Clerk Lynn Marie Goya, an elected official, has improperly used her office to discriminate against certain churches (and by extension ministers and religions) in the performance of officiating weddings in Clark County, Nevada.

2. Specifically, Clerk Goya has discriminated against Universal Life Church Monastery, and by extension its ministers, by refusing to recognize ULCM as a "valid religious organization." This renders ULCM's ministers unable to officiate more than 5 weddings per year; this discriminatory limitation is for the benefit of other churches and minsters that are paying members of a trade association that she helped establish, the Las Vegas Wedding Chamber of Commerce (LVWCC).

3. ULCM is a church that promotes progressive values, and despite being a qualified church duly registered with the Nevada Secretary of State pursuant to Nevada law, Clerk Goya has repeatedly hindered and denied ULCM a Certificate of Permission to Perform Unlimited Marriage Ceremonies, likely for the purpose of promoting the interests of the Las Vegas Wedding Chamber of Commerce and ensuring that as many non-members of the trade association are excluded from the business of officiating weddings as possible, as analyzed below in more detail in Paragraphs 35-54.

4. Clerk Goya's actions against ULCM violate rights guaranteed by the U.S. and Nevada Constitutions.

**JURISDICTION AND VENUE**

5. This Court has original subject matter jurisdiction over the federal Constitutional violations alleged in this First Amended Complaint pursuant to the provisions of 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 & 1343. This Court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

6. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391. Defendant resides in Nevada, and all actions pertinent to this Complaint occurred in Clark County, Nevada.

## INTRA-DISTRICT ASSIGNMENT

7. Intra-district assignment to the Southern Division is appropriate because a substantial part of the events or omissions which give rise to the claims herein occurred in Clark County, Nevada.

## THE PARTIES

8. Plaintiff is a non-profit Washington corporation. ULCM has been registered in Nevada for over 10 years (since May 20, 2008) as the Universal Life Church Monastery Storehouse (NV Business ID NV20081450736). See **Exhibit 1**.

9. Defendant Clark County is a county located in the state of Nevada.

10. Defendant Lynn Marie Goya is the Clark County Clerk and an employee of Clark County. Upon information and belief, she is a resident of Clark County. She is sued here in her official capacity.

11. Defendant Steve Wolfson is the Clark County District Attorney and an employee of Clark County. He is sued in his official capacity only. Upon information and belief, he is a resident of Clark County.

12. Defendants John Roe, Jane Poe, and Jane Doe may or may not be agents of Clark County and may be added as Defendants to this lawsuit at a later date.

## STANDING

13. ULCM has been directly affected by Defendants' unlawful activities, and Defendants' activities have caused a violation of Plaintiff's rights under the U.S. and Nevada Constitutions. Thus, the requirements for Article III standing have been met.

## **FACTS COMMON TO ALL CLAIMS**

14. ULCM[1] is a non-profit church.

15. ULCM promotes progressive values, and ULCM ministers have a long history of presiding over same-sex and inter-faith weddings alongside traditional weddings.[2]

16. While ULCM is headquartered in Seattle, ULCM is registered as a non-profit and non-denominational church with the Nevada Secretary of State. See Universal Life Church Monastery Storehouse Entity Information, attached as **Exhibit 2**.

17. ULCM ministers have legally performed marriages in Las Vegas and in Clark County since 2006.

18. Pursuant to statute, to legally perform a wedding in Nevada, including in Clark County, the officiant must apply for a Certificate of Permission and the Clark County Clerk must grant the Certificate. There are two types of Certificates of Permission:

   (1) A Certificate of Permission to Perform Marriages for Unlimited Ceremonies, and

   (2) A Certificate of Permission to Perform a Single Ceremony.

*See* NRS 122.062.

19. Currently, individual ULCM ministers are limited to applying for certificates to perform a single specific ceremony because the Clark County Clerk will not

---

[1] For clarity, "Universal Life Church" is a blanket term for a number of organizations offering ordination services and facilitating the provision of temporary and permanent wedding officiant licenses to residents of and visitors to Clark County, NV for several decades. Plaintiff's organization, the ULCM, has been providing these services in Clark County since its founding on September 13, 2006. ULCM operates two websites about the Church at: <https://www.themonastery.org/> and at <https://www.ULCM.org/>.

[2] ULCM has a long history of embracing same-sex and interfaith couples and presiding over their weddings, as many of these couples may not belong to (or be accepted by) a denominational church. See Samuel G. Freedman, "Couples Personalizing Role of Religion in Wedding Ceremonies," THE NEW YORK TIMES (Jun. 26, 2015), available at: <https://www.nytimes.com/2015/06/27/us/couples-personalizing-role-of-religion-in-wedding-ceremonies.html>.

approve ULCM to issue an Affidavit of Authority to Solemnize Marriages to its ministers, as analyzed in more detail below.

20. Thus, each UCLM minister in Nevada is only permitted to apply to perform a maximum of five single ceremonies in a calendar year. *See* NRS 122.062(5).

21. There are many ULCM ministers in Clark County who wish to officiate more than five single ceremonies per year.

22. Pursuant to NRS 122.062, only ministers who are "in good standing within his or her church or religious organization, or either of them, incorporated, organized or established in this State" may be a marriage officiant. See NRS 122.062(1).

23. According to Clerk Goya's guidelines for Clark County, only religious organizations on Clark County's list of approved religious organizations may perform unlimited ceremonies. See **Exhibit 3,** Clerk Services: Becoming a Marriage Officiant ("County's Requirements")[3].

24. On May 20, 2016, Goya sent an un-solicited letter to ULCM informing it that if its ministers wished to apply for a permanent Certificate of Permission to Perform Marriages for Unlimited Ceremonies, UCLM had to prove it was organized under the laws of Nevada. See May 20, 2016 letter from Goya, attached as **Exhibit 4**.

25. The letter said ULCM could do this by promptly sending **either** a Copy of the Articles of Incorporation **and** the most recent annual List of Officers and Directors as filed with the Nevada Secretary of State; **-or-**

Provide any **two** (2) of the following:
- Notarized statement from a member confirming where and when services are held;
- Copy of a rental agreement or mortgage statement with the name of the organization and the location where active services are held;

---

[3] Also available at:
<http://www.clarkcountynv.gov/clerk/Documents/Approved%20Churches%20and%20Religious%20Organizations.pdf >

5
Complaint

- Copy of a recent public notice advertising the organization and the service dates and times, such as a newspaper article, flyer or online web page;
- Copy of the letter from the State of Nevada's Department of Taxation granting tax exempt status to the organization as a religious organization; or
- Copy of the letter from the Internal Revenue Service (IRS) granting organizational status as a 501(c)(3) religious organization.

(Emphasis in original).

26.  ULCM complied with the Clerk's office's directive and sent the Clerk copies of the ULCM Articles of Incorporation, List of Officers and Directors, and a list of active ULCM ministers for 2016.

27.  On November 16, 2016, the Clerk's office sent ULCM another email asking that ULCM submit "filed copies" of the list of officers it submitted to the Nevada Secretary of State. Supervisor Cook also informed ULCM that that the existing officiants are still considered "in good standing" and that ULCM only had to send lists of any new ministers who applied. Supervisor Cook attached the May 20th letter again. See email from Paula Cook, attached as **Exhibit 5**.

28.  On December 7, 2016, ULCM sent Clark County a certified copy of the list of officers ULCM submitted to the Nevada Secretary of State. See December 7, 2016 email from ULCM, attached as **Exhibit 6.**

29.  On March 22, 2017, ULCM sent an email to the Clerk with an updated list of new active ministers for 2017. ULCM also inquired as to whether ULCM had finally satisfied the Clerk's requirements to be listed in "good standing". See March 22, 2017 email from ULCM, attached as **Exhibit 7.**

30.  On March 22, 2017, Supervisor Cook of Clark County responded to ULCM's email, and asked how ULCM had complied the list. Supervisor Cook also

stated that the County planned to send out a letter asking for additional documentation. See March 22, 2017 email from Paula Cook, attached as **Exhibit 8**.

31.     On March 29, 2017, a representative from the Clark County Clerk's office called ULCM again and stated that the application forms for ministers had changed again. The representative stated that Clerk Goya introduced a new "Approved List of Organizations" and that the Clerk's office now required all religious organizations to complete a new process to be added to that list before it would be eligible to apply for an Affidavit of Authority to Solemnize Marriages.

32.     While NRS 122.066 does mandate that the County Clerk shall enter all information about approved ministers and religious organizations into the, "electronic statewide database of ministers, other church or religious officials authorized to solemnize a marriage", the list of approved organizations maintained by the Clark County Clerk appears to be a separate list from the statewide database.

33.     Upon information and belief, as of approximately 2017, only organizations on this list may issue Affidavits of Authority to Solemnize Marriages in Clark County; the list appears to be a special requirement of Clark County.

34.     On April 3, 2017, another ULCM Minister called ULCM and stated that Clerk Goya is requiring many ULCM ministers to obtain a Clark County Business License. The ULCM Minister stated that Clerk Goya targeted ULCM ministers.

35.     Upon information and belief, Clerk Goya has been involved with the LVWCC since its inception on January 15, 2016. See Nevada Secretary of State Entity Details attached as **Exhibit 9.**

36.     According to Clerk Goya's biographical submission on Ballotpedia, Defendant Goya "worked with the wedding industry to create a public/private partnership the Las Vegas Wedding Chamber of Commerce." See Ballotpedia submission, attached as **Exhibit 10.**

37.     According to the LVWCC's website, the LVWCC works:

> To grow wedding tourism to cement Las Vegas as the Wedding Capital of the World through an industry-level partnership ***with the County Clerk's office***…

> …
> Through this partnership, the Wedding Chamber will raise awareness of the economic value of wedding tourism to Clark County and the importance of wedding businesses and events to our community and local economy.
>
> …
> **To work closely with the Clerk's office** to promote quality wedding and special event vendors who provide excellent service and enhance the word-of-mouth reputation of Las Vegas as the leading destination in wedding-related tourism by developing a business resource link **for the Clerk's Wedding Tourism website**.

See **Exhibit 11** (emphasis added).

38. On April 21, 2017, ULCM sent Lynn Goya a letter seeking clarification regarding whether ULCM is in "good standing" with her office and regarding whether ULCM ministers need business licenses. See Galletch's April 21, 2017 letter, attached as **Exhibit 12.**

39. On May 15, 2017, ULCM sent a second letter to Clerk Goya to inquire about the Clerk's requirements for being on the list of approved organizations.

40. On or around May 17, Clerk Goya called ULCM; Clerk Goya stated that:
   a. her office had never advised ministers that they need a business license to get a "Certificate of Permission";
   b. she agreed that the Church is established in the State of Nevada, but she needed evidence that ULCM is a "religious organization" and not just a non-profit.

41. On the phone call with Clerk Goya, ULCM pointed out that the Articles of Incorporation and the filing with the State of Nevada both state that ULCM is a religious non-profit; Goya responded that if ULCM sent the Articles and the filing with the State of Nevada again, she would approve the Church for its ministers to be able to obtain the permanent certificates.

42. NRS 122.062(1) does not specifically define the words "church or religious organizations" or require the documents demanded by Clerk Goya, or mandate that

only churches on a county maintained list, but ULCM provided what the Clerk demanded, as shown by Mr. Galletch's letter dated June 21, 2017. See Galletch's June 21, 2017 letter attached as **Exhibit 13**.

43. ULCM provided Clerk Goya with Secretary of State forms stating that the purpose of the ULCM is "[t]o promote the religious ideology of the Universal Life Church Monastery Storehouse." See Ex. 13 at 2 ¶ 1.

44. On or around August 16, 2017, Clerk Goya responded to Mr. Galletch's June 21, 2017 letter. This time, the letter appeared to be tailored specifically to ULCM. Clerk Goya stated that the Clerk's Office was still not in receipt of "sufficient proof that [ULCM] is a religious organization with a presence in the State of Nevada." Clerk Goya appeared to suggest that a physical church in the state of Nevada is required pursuant to "NRS" but did not cite to any particular chapter of the Nevada Revised Statutes. See Clerk Goya's letter dated August 16, 2017, attached as **Exhibit 14.**

45. Clerk Goya stated that Mr. Galletch could submit additional documentation to assist her in her re-consideration of the matter. See Ex. 14 at ¶ 2.

46. Clerk Goya provided an arbitrary list of additional documents that she insisted would help her in her "re-consideration", which included:

- Copy of the letter from the State of Nevada Department of Taxation granting tax exempt status to the organization as being a church or religious organization;
- Copy of the letter from the Internal Revenue Service granting status as a 501(c)(3) with a Public Charity Status (a.k.a. Foundation Code) of 170(b)(1)(A)(i) for churches;
- Notarized statement from an attending member (must not be an employee or official of the organization) confirming that the organization is a church or religious organization and where and when services are held in Nevada;
- Copy of a rental agreement or mortgage statement for the Nevada location where active services are held – the address on

> the statement must match the service address provided on the AASM; or
> - Copy of a recent public notice advertising the organization and the Nevada service dates and times, such as a newspaper article, flyer or online web page.
>
> See Ex. 14 at ¶ 2.

47. Goya's August 16, 2017 letter appears to discriminate against religions and religious organizations that do not have regular in-person services in Nevada or have not sought tax exempt status from Nevada or the Internal Revenue Service.

48. ULCM has been treated differently from other churches because, upon information and belief, other churches and ministers on Clerk Goya's list of approved churches have not been required to produce additional (and arbitrary) documentation to prove they are a "religious organization" to satisfy Lynn Goya's subjective determination.

49. After reviewing Goya's August 16, 2017 letter, ULCM followed up by calling Clerk Goya to see why none of the previously submitted documentation sufficed, but the Clerk declined to provide any other rationale for the County's decision.

50. Despite multiple follow up calls, Clerk Goya refused to speak further with ULCM regarding their status in Clark County, and in effect rejected ULCM's (now third) attempt to comply with the Clerk's ever evolving requirements without further explanation.

51. At no time did Clerk Goya give ULCM a process to appeal Clerk Goya's decision.

52. When Clerk Goya disregarded ULCM's documentation and created a new list of arbitrary requirements for Universal Life Church Monastery to comply with to "prove" that ULCM was a "real religious organization", Clerk Goya discriminated against ULCM and its ministers.

53. Pursuant to NRS 122.260, if Plaintiff's Churches and/or ministers were to solemnize marriages without obtaining permission from the Clark County Clerk, the County would levy civil penalties of up to $1,500.

54. Upon information and belief, Clerk Goya uses her position as an elected official to promote the interests of members of the LVWCC by actively hindering the ability of non-members of the LVWCC and foreign non-profit churches, like ULCM, from being able to perform unlimited ceremonies.

55. Defendants' conduct is unconstitutional and violates the First and Fourteenth Amendments to the U.S. Constitution, as well as Article 1, Sections 4 and 8 of the Nevada Constitution.

56. Defendants' conduct is never constitutionally tolerable.  But the harm caused by their actions is especially pronounced here, given that a government bureaucrat is making a subjective, case-by-case determination regarding who will be on Clark County's list of approved churches, in violation of the rights protected by the First and Fourteenth Amendments.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of the First Amendment to the
### United States Constitution under 42 U.S.C. § 1983 (Free Exercise)

57. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

58. All of the actions taken by Defendants or those acting on behalf of Defendants, including the multiple changes to criteria and the denial of ULCM's application, were done by Defendants under color of law and had the effect of depriving ULCM of rights secured by the Constitution and laws of the United States, specifically the Free Exercise Clause of the First Amendment to the United States Constitution.

11
Complaint

59. Defendants' denial of ULCM's application is a government action that substantially burdens the practice of Plaintiff's religion, which has the effect of depriving ULCM of rights secured by the Free Exercise Clause of the First Amendment.

60. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

### SECOND CLAIM FOR RELIEF
### Violation of Nevada Const., Art. 1, § 4
### (Free Exercise)

61. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

62. All of the actions taken by Defendants or those acting on behalf of Defendants, including the multiple changes to criteria and the denial of ULCM's application, were done by Defendants under color of law and had the effect of depriving ULCM of rights secured under Article 1, Section 4 of the Nevada Constitution.

63. Defendants' denial of ULCM's application is a government action that substantially burdens the practice of Plaintiff's religion, which has the effect of depriving ULCM of rights secured by Article 1, Section 4 of the Nevada Constitution.

64. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

### THIRD CLAIM FOR RELIEF
### Violation of the Fourteenth Amendment to the United States Constitution
### Under 42 U.S.C. § 1983
### (Substantive and Procedural Due Process, and Equal Protection)

65. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

66. Plaintiff alleges that Defendants' conduct of arbitrarily changing the requirements to obtain a Certificate of Permission to perform marriages for unlimited ceremonies multiple times throughout the application process, and denying Plaintiff despite the fact that Plaintiff is a qualified church under Nevada law, is

unconstitutional and violates ULCM's rights to procedural and substantive due process of law under the Fourteenth Amendment.

67. Further, Defendants failed to provide any appeal or administrative review process that could offer any meaningful relief.

68. Defendants actions violate the Equal Protection clause by treating ULCM differently than other churches and religious organizations; Defendants have no compelling interest justifying the differential treatment of ULCM and cannot show that this differential treatment between churches are necessary to serve any legitimate governmental interest.

69. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

**FOURTH CLAIM FOR RELIEF**
**Violation of Nevada Const., Art. 1 §§ 8 and 9**
**(Substantive and Procedural Due Process, and Equal Protection)**

70. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

71. Plaintiff alleges that Defendants' conduct of arbitrarily changing the requirements to obtain a Certificate of Permission to perform marriages for unlimited ceremonies multiple times throughout the application process and denying Plaintiff despite the fact that Plaintiff is a qualified church under Nevada law, is unconstitutional and violates ULCM's rights to due process of law under article 1, section 8 of the Nevada Constitution.

72. Further, Defendants failed to provide any appeal or administrative review process that could offer any meaningful relief.

73. Defendants' actions violate the Equal Protection clause by treating ULCM differently than other churches and religious organizations; defendants have no compelling interest justifying the differential treatment of ULCM and cannot show that this differential treatment between churches are necessary to serve any legitimate governmental interest.

74. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks judgment as follows:

A. A declaration that Defendants' actions are unconstitutional under the First and Fourteenth Amendments of the United States Constitution, and article 1, sections 4, 8 & 9 of the Nevada Constitution;

B. A permanent injunction compelling Defendants to issue a Certificate of Permission to Perform Marriages for Unlimited Ceremonies;

C. Damages in an amount to be determined at trial;

D. An award of attorneys' fees and expenses under 42 U.S.C. § 1988; and

E. Any further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all causes of action.

DATED: November 1, 2018          Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

By: /s/ Marc J. Randazza

Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
LaTeigra C. Cahill (NV Bar No. 14352)
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Universal Life Church Monastery

## **VERIFICATION**

I, GEORGE FREEMAN, declare:

1. I am over the age of 18 years;
2. I am the presiding chaplain of Universal Life Church Monastery;
3. Universal Life Church Monastery is the Plaintiff in this action, and I am authorized to act on behalf of Universal Life Church Monastery;
4. I have read the foregoing Verified Complaint and know the contents thereof; and
5. The foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 31st day of October 2018.



George Freeman, on behalf of
Universal Life Church Monastery