# **EXHIBIT 12**

April 21, 2017 Galletch Letter



**PUGET SOUND BUSINESS & LITIGATION** PLLC
**LAW OFFICE OF MICHAEL GALLETCH**

411 University St.
Suite 1200
Seattle, WA 98101
p: (206) 374-8500
mike@psbizlit.com

April 21, 2017

*Via US Mail*

Lynne Marie Goya, County Clerk
Office of the County Clerk, Clark County
200 Lewis Ave
Box 551604
Las Vegas, NV 89155-1604

Re:   Certificate of Permission / Solemnizations of Marriages

Ms Goya:

I represent the Universal Life Church Monastery Storehouse (herein as the "Church"). It has come to the Church's attention that you are advising ministers, of both the Church and other churches or religious organizations, that they must obtain a business license in order to obtain a "Certificate of Permission" under Nevada Revised Statute ("NRS") §122.064.

I have also seen and reviewed your May 20, 2016 letter, and emails exchanges between your office and the Church. Your office recently forward the Church the same information as your May 20, 2016 letter (the contents are the same). In those communications, you state that the Church "must substantiate that [it is] both organized in Nevada under the laws of this state and doing business as a church or religious organization as a requirement."

I write to seek clarification from you on these matters, and so that the ministers of the Church, and their applications for the "Certificates of Permission," are treated and processed equally as with any ministers of any other church or religious organization, and so that the Church itself is likewise treated equally and fairly with every other church or religious organization.

**A Business License Is Not Required**

As I read and interpret the Nevada Revised Statutes ("NRS"), the NRS do not require a business license in order to obtain a Certificate of Permission, or to solemnize a marriage. NRS §122.062(1) provides "[a]ny licensed, ordained or appointed minister or other church or religious official" may solemnize a marriage, provided the person meets the requirements of

the statute. The statute then states those requirements: (1) that the person be authorized by her/his church or religious organization to solemnize marriages; (2) that s/he be in good standing with her/his church or religious organization; (3) the church or religious organization be "incorporated, organized or established in" Nevada; and (4) s/he obtain a "certificate of permission." NRS §122.062(1). To obtain a certificate of permission for Clark County, one must submit a verified application, providing certain information, pay the $25 fee, and submit an "affidavit of authority to solemnize" in the form set forth in the statute. NRS §122.064(1).

Nothing in this statutory scheme requires a business license. If you have a different understanding or there is a different basis, let us discuss that and I can advise the Church.

### A Church Need not be a Nevada One

Your May 20, 2016 letter states the church or religious organization which is providing the "affidavit of authority to solemnize marriages" under NRS §122.064 "must substantiate that they are both organized in Nevada under the laws of this state and doing business as a church or religious organization as a requirement." I believe your statement conflicts directly with the statute.

As stated above, NRS 122.062(1) requires only that that the church or religious organization be "incorporated, organized or established in" Nevada. NRS §122.062(1). You apparently conflate this to mean a "foreign [non-Nevada] organizations must be organized under the laws of Nevada to do business here." You cite to the fact that the Nevada Legislature "removed NRS section 602.020(3) and (4)(b)."

First, as I understand NRS §602.020, it applies to companies doing business under a fictitious name, and specifically it requires that a company register its fictitious name. This is unrelated the solemnization of marriages, or the "Affidavit of Authority." Of course, if a church or religious organization did use a fictitious name, NRS §602.020 would require that the church or organization first register its fictitious name. But, it would not prevent the organization's minister from solemnizing a marriage. *See Brad Associates v. Nevada Fed. Fin. Corp.*, 109 Nev. 145, 148, 848 P.2d 1064, 1065 (1993) (purpose of statute is simply to inform the public about entities with which they conduct business).

Second, under your interpretation of NRS §602.020, all "foreign" (non-Nevada) entities would be unable to conduct business in Nevada. This would defy the basic notions of our federal system. In fact, like every state, Nevada, under Chapter 80 of the NRS, specifically allows "foreign" entities to conduct business and affairs within Nevada and with Nevada residents. Some examples include General Motors, Walmart, and Microsoft. I do not think you intended to mean these non-Nevada companies cannot operate in Nevada, or that the citizens of Nevada could not do business with the multitude of non-Nevada companies.

NRS 122.062(1) properly allows both Nevada and non-Nevada entities and organizations. As the statute states, an entity or organization may be "incorporated in" Nevada as a Nevada entity, or it may be "organized or established in" Nevada. Thus, a non-Nevada organization can conduct its affairs and business within Nevada and with Nevada residents so long as it is properly organized or established in Nevada under NRS Chapter 80.

**The Documentation Required by Statute**

Under NRS 122.062(1), the Church must be either incorporated, organized, or established in Nevada. The Church is properly registered and established in Nevada. This is a matter of public record through the Nevada Secretary of State's website and office. The Church has provided your office with a copy of its Articles of Incorporation in Washington, as well as its "Annual List of Officers/Directors" filed with the Nevada Secretary of State. I believe this is sufficient to meet to NRS 122.062(1).

However, your office has recently requested that the Church provide documentation that it is tax exempt under IRS Code § 501(c)(3). As I read NRS §122, it does not require that a church or religious organization be in fact tax exempt. Of course, virtually all (if not all) are tax exempt. Regardless, proof of that status is a matter with the IRS, and not with a minister, or with a minister's application for a "Certificate of Permission." Likewise, NRS 122.064(5) provides the form for the "Affidavit of Authority," and that statutory form is conspicuously devoid of the IRS Code and taxation.

Further, as the Church already conveyed to your office, a church is not required to file for and obtain the status under the IRS Code and Regulations. *See* IRS Code, § 508(c)(1)(A), and the Regulations, 26 U.S.C. 6033 (3)(A)(i); IRS Instructions for form 1023. So, while churches may file an IRS Form 1023 seeking a determination of tax exempt status, a church is not required to. So, we do not believe the Church is required under the NRS to submit to your office proof of a particular status with the IRS.

I send this letter as a means to open a dialogue with your office. I understand that as more non-traditional churches form, and as non-traditional wedding ceremonies have become the more common, the task of your office becomes more cumbersome. We want to make sure that the applications for the "Certificates of Permission" submitted by ministers of the Church are processed fairly and properly, as are the "Affidavits of Authority" from the Church.

I appreciate your time and attention to this, and feel free to contact me at your earliest convenience.

PUGET SOUND BUSINESS & LITIGATION

Sincerely,

*[signature]*

Michael B. Galletch

cc: Universal Life Church Monastery Storehouse