Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
(702) 420-2001
ecf@randazza.com

*Attorneys for Plaintiff,*
Universal Life Church Monastery

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY a/k/a UNIVERSAL LIFE CHURCH,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA; LYNN MARIE GOYA (in her official capacity as Clark County Clerk); STEVE WOLFSON (in his official capacity as the Clark County District Attorney); JANE DOE; JOHN ROE; and JANE POE,<br><br>Defendants. | Case No.: 2:18-cv-02099-RFB-BNW<br><br>**STIPULATION TO EXTEND DISPOSITIVE MOTIONS DEADLINE (Third Request)[1]** |

Pursuant to LR IA 6-1 and LR 26-4, the parties, through their attorneys, hereby stipulate and request that this Court extend the current deadline to file dispositive motions, as well as all subsequent deadlines laid out in the Scheduling Order (ECF No. 11) and the parties' Stipulations to Extend Discovery Deadlines (ECF Nos. 14, 19, 21) either by 30 days following the Court's decision on

---

[1] This is the third stipulated request of the parties to change deadlines laid out in the Court's Scheduling Order. It is the first time the parties have specifically requested an extension of the dispositive motions deadline.

Plaintiff's Motion to Extend Discovery Deadlines (ECF No. 23), if that Motion is denied, or by 30 days following the expiration of the extended discovery period, if that Motion is granted. This request for an extension is done for good cause and not for purposes of delay.

In support of this Stipulation and Request, the parties state as follows:

**1.0  Basis of Requested Extension**

The discovery period in this case has closed, though Plaintiff has filed a Motion to Extend Discovery Deadlines (ECF No. 23) explaining its basis for requesting an extension of discovery. While the parties disagree as to some of the reasons for Plaintiff requesting an extension of the discovery period, they jointly recognize that the content of their anticipated motions for summary judgment will likely change based upon whether that Motion is granted or denied and that the Court should rule upon that Motion prior to the submission of dispositive motions. The parties are also discussing the possibility of settlement.

**2.0  Proposed Schedule**

**2.1  Dispositive Motions**

The filing deadline for dispositive motions shall be 30 days following the Court's decision on Plaintiff's Motion to Extend Discovery Deadlines (ECF No. 23), if that motion is denied, or by 30 days following the expiration of the extended discovery period, if that Motion is granted.

**2.2  Motions in Limine/Daubert Motions**

Under LR 16-3(b), any motions in limine, including Daubert type motions, shall be filed and served 30 days prior to the commencement of trial and oppositions shall be filed and served 15 days thereafter. Reply briefs will only be allowed with leave of the Court.

**2.3  Deadline for Joint Pretrial Order**

Pursuant to LR26(1)(e)(5) the Joint Pretrial Order shall be filed no later than 30 days after the dispositive-motion deadline. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until the Court issues its decision on any dispositive motions or further order of the court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections

2
Stipulation to Extend Dispositive Motions Deadlines
2:18-cv-02099-RFB-BNW

shall be included in the final pretrial order and must be filed at least 30 days prior to trial in accordance with FRCP 26(a)(3)(B).

Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. In accordance with LR 26-4, all motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.

It is not good cause for a late request to extend discovery that the parties informally postponed discovery. No stipulations are effective until approved by the Court, and "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearings of a motion, or for trial, may be made only with approval of the Court." See LR 7-1(b).

IT IS SO STIPULATED.

DATED: November 14, 2019     Respectfully Submitted,

/s/ Ronald D. Green
_____
Ronald D. Green (NV Bar No. 7360)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Dr, Suite 109
Las Vegas, NV 89117
702-420-2001
ecf@randazza.com

*Attorneys for Plaintiff,*
Universal Life Church Monastery

DATED: November 14, 2019     Respectfully Submitted,

/s/ Thomas D. Dillard Jr.
_____
Thomas D. Dillard, Jr., Esq. (NV Bar No. 006270)
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
702-420-2001
ecf@randazza.com

*Attorney for Defendants,*
Clark County, Lynn Marie Goya, and Steve Wolfson
(in their official capacities)

**IT IS SO ORDERED**

**DATED: November 18, 2019**

_____
**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4
Stipulation to Extend Dispositive Motions Deadlines
2:18-cv-02099-RFB-BNW