1  THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
2  STEPHANIE A. BARKER, ESQ.
Nevada Bar No. 003176
3  OLSON CANNON GORMLEY
& STOBERSKI
4  9950 West Cheyenne Avenue
Las Vegas, NV 89129
5  Phone: 702-384-4012
Fax:    702-383-0701
6  tdillard@ocgas.com
Attorney for Defendants
7  Clark County, Lynn Marie Goya
and Steve Wolfson (in their official
8  capacities)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \*

UNIVERSAL LIFE CHURCH MONASTERY )
a/k/a UNIVERSAL LIFE CHURCH, )
                                   )
            Plaintiff,             )   CASE NO.  2:18-cv-02099-RFB-BNW
                                   )
vs.                                )
                                   )
CLARK COUNTY, NEVADA; LYNN MARIE )
GOYA (in her official capacity as Clark County )
Clerk); STEVE WOLFSON (in his official )
capacity as the Clark County District Attorney); )
JANE DOE; JOHN ROE; and JANE POE, )
                                   )
            Defendants.            )
_____)

**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

COME NOW, Defendants CLARK COUNTY, LYNN MARIE GOYA ("Clerk Goya")

and STEVE WOLFSON (in their official capacities) (hereinafter "Clark County Defendants"), by

and through their counsel of record, THOMAS D. DILLARD, JR., ESQ. of the law firm of

OLSON CANNON GORMLEY & STOBERSKI, and hereby oppose Plaintiff's document styled

as "Plaintiff Universal Life Church Monastery's Motion for Sanctions Against Defendants"

[#55].

This Opposition is made and based upon all the pleadings and papers on file herein, the

attached points and authorities, together with any argument that may be introduced at the time of

hearing this matter before this Honorable Court.

<div style="text-align:left; font-style:italic;">
Law Offices of<br>
OLSON CANNON GORMLEY & STOBERSKI<br>
A Professional Corporation<br>
9950 West Cheyenne Avenue<br>
Las Vegas, Nevada 89129<br>
(702) 384-4012   Telecopier (702) 383-0701
</div>

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Plaintiff's Rule 11 motion for sanctions is in and of itself fatuous–if not frivolous--and an ill-advised attempt to bolster resistance to Plaintiff's opposition to the motion to strike Plaintiff's legal expert witness. Even before the motion to strike Plaintiff's expert was filed, Plaintiff was intending all along to engage in hard-ball litigation tactics to try to place pressure upon the Clark County Defendants to shrink from seeking judicial intervention regarding the propriety of Plaintiff's expert's opinions and legal methodology. The sequence of events and the content of Plaintiff's initial response makes apparent that Plaintiff had already prepared the correspondence raising the specter of Rule 11 before reviewing the motion itself. (Declaration of Thomas D. Dillard, Jr., attached as Exhibit "A"). Plaintiff had no substantive response to the case law provided to them in preview of filing the motion, but heap together some trivial timeliness and porous procedural arguments that fell well short of the Rule 11 mark. While engaging in tit-for-tat is not something desired here, it is submitted that Plaintiff is the one peering over the Rule 11 ledge when making the argument that the challenge to its expert is a frivolous motion and/or filed for an improper purpose.  The Clark County Defendants further submit that the Court should deny Plaintiff's specious motion for sanctions. If there is any conduct worthy of Rule 11 condemnation, it has been done now by Plaintiff by multiplying the proceedings pertaining to the admissibility of expert opinions by filing a separate motion to strike the initiating motion and then followed by a specious Rule 11 motion. In addition, while the Clark County Defendants afforded Plaintiff additional time to oppose the initial motion to strike expert testimony, their opportunity to respond has been shrunk with respect to responding to Plaintiff's pile-on motion practice.

Plaintiff begins in their motion by arguing that the meet and confer conversation run afoul of the extraordinarily liberal Rule 11 standard because there was not protracted rumination about reaching some unobtainable middle ground regarding striking Plaintiff's expert. As is plainly evidence, the Clark County Defendants' position is that Plaintiff has disclosed a purported expert that will testify as to legal opinions relative to the First Amendment and his legal approach to

doing so is entirely inconsistent with controlling law. There was really nothing more to discuss after defense counsel gave notice of the position and the general legal argument before requesting the Court to undertake its Rule 702 gatekeeping function regarding expert testimony.

Plaintiff's motion is devoid of any case law for their claim of having insufficient time to argue the issue before the motion was filed or any other legal authority. Their motion is instead based upon speculative assertions regarding counsel's subjective intent. Moreover, the motion smacks of hypocrisy as the substance of the conversation between counsel on this issue is no different than the discussions initiated by Plaintiff's counsel prior to filing their motion to strike and their motion for sanctions. (Exhibit "A"). Plaintiff has not raised any argument that even arguably supports its claim that the positions asserted in the motion to strike the expert are legally frivolous or the product of bad faith. The motion for sanctions is thus unworthy of any credence.

## II.   LEGAL STANDARD FOR RULE 11 SANCTIONS

Sanctions under Federal Rule of Civil Procedure 11 are warranted only when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose. Warren v. Guelker, 29 F.3d 1386, 1388 (9th Cir. 1994) (citing Conn v. Borjorquez, 967 F.2d 1418, 1420 (9th Cir. 1992); Operating Engineers Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988)). An "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11(b)(1). A filing is "frivolous" when it is "both baseless and made without a reasonable and competent inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990). "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time the position is adopted, then sanctions should not be imposed." Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir.1986).

The Ninth Circuit has warned: "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." See Operating Engineers, 859 F.2d at 1345. The Advisory Notes to the 1993 amendments made clear that Rule 11 should not be used "to test the legal sufficiency of efficacy of the allegations in the pleading," nor to "intimidate an adversary into withdrawing

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

1   contentions that are fairly debatable." Fed.R.Civ.P. 11; see Watson v. Poore, 2006 WL 2349968

2   (S.D. Ill. 2006)); Avent v. S.T.S., Inc., 2002 WL 1482546 (W.D. Tenn. 2002); Sears, Roebuck &

3   Company v. Sears Realty Co., Inc., 932 F. Supp. 392 (N.D. N.Y. 1996). A Rule 11 motion is also

4   not a means to emphasize or educate with respect to the merits of one's position. McMahan

5   Securities Company v. F. B. Foods, Inc., 2006 WL 2092643 (M.D. Fla. 2006). It is thus

6   altogether improper to use Rule 11 to advance or amplify a legal position. On Time Aviation v.

7   Bombardier Capital Inc., 570 F.Supp.2d 328, 331 (D. Conn. 2008). Federal courts have

8   accordingly *sua sponte* imposed sanctions on parties for seeking Rule 11 sanctions for improper

9   purposes. See Gaiardo v. Ethyl Corp., 835 F.2d 479, 485 (3d Cir. 1987); see also Wartsila NSD

10  N. Am., Inc. v. Hill Int'l, Inc., 315 F.Supp.2d 623, 630 (D.N.J. 2004)(granting fees to the

11  plaintiff where defendant chose to contest the sufficiency of the complaint via a Rule 11 motion

12  instead of a motion to dismiss).

### III.   PLAINTIFF HAS NOT ESTABLISHED ANY BASIS FOR SANCTIONS

#### A.   Plaintiff's Arguments that the Motion to Strike the Expert was Stale when it was Filed Before the Setting of a Trial Date and the Expert Should Have Been Deposed Before Subject to Challenge are Clearly Unsound.

Plaintiff's first argument suggests that the Clark County Defendants were obliged to raise their objections with Plaintiff's expert during discovery. Plaintiff cites no support for this argument. The Federal Rule of Civil Procedure and the U.S. District Court of Nevada Local Rules make clear that the motion to strike the expert was timely filed and there is absolutely no requirement to make any formal objection during discovery to enable Plaintiff to cure the objections.

As set forth in the opposition to Plaintiff's motion to strike, Local Rule 16-3(a) holds that, unless court ordered otherwise, "motions in limine must be filed 30 days before trial." The motion to strike the expert (as it seeks to exclude expert testimony and historically requires inclusion of a meet and confer certification) is tantamount to a motion in limine. This court has treated those motions the same and have required the parties to meet and confer before settling evidentiary issues in motion practice. In this instance, the motions for summary judgment were

OLSON CANNON GORMLEY & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

just filed and there has been no hearing set regarding them. As a consequence, the parties have also yet to file a Joint Pretrial Order; therefore, the District Court has not set a trial date in the case pursuant to LR 16-4(X). The deadline to file motions in limine (or motions to strike experts) has thus not even been set yet by the District Court and yet Plaintiff still claims (without any legal support) that the motion raising expert objections was so untimely that it should be denied and it is also sanctionable. The timing of the motion to strike while dispositive motions are pending is in no wise tardy or improper. There is also no rule requiring a formal objection to be filed regarding expert testimony during the discovery period.

Second, the Clark County Defendants absolutely had no legal obligation to also pay Plaintiff's legal expert to give a deposition during the discovery phase of the case. The purpose of the Rule 26 specific disclosure requirements to indicate all data evaluated, the expert's methodology and all the expert's opinions was imposed in part to eliminate the expenditure of expensive expert deposition costs, if possible. Pursuant to Fed. R. Civ. P. 26(a)(2)(B), the expert disclosure must include a written report providing:(1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness' qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. In addition, Federal Rule of Civil Procedure 26(a)(4)(A) states that "**the deposition (of the expert) may be conducted only after the report is provided.**" (Emphasis added).[1] Rule 26 contemplates that an expert report be so detailed that "in many cases the report

---

[1] There is ample federal authority for the proposition that expert disclosures must be complete and timely so that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial, and so as to shorten or decrease the need for expert depositions and conserve resources. See Ortiz-López v. Sociedad Española de Auxilio Mutuo y Beneficiencia, 248 F.3d 29, 35 (1st Cir. 2001) (examining topic); R.C. Olmstead, Inc. v. CU Interface, LLC, 606 F.3d 262, 271 (6th Cir. 2010) (similar); Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.), cert. denied 516 U.S. 822, 116 S.Ct. 84 (1995)(same). The report is deemed adequate when it is sufficiently detailed in a manner that eliminates surprise and unnecessary depositions with the attendant reduction in cost. See Reed v. Binder, 165 F.R.D. 424, 429

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

may eliminate the need for a deposition." <u>See</u> Rule 26 committee note. Plaintiff has simply no colorable basis to complain that its expert was not deposed about the legal conclusions in his report. Plaintiff's position that the failure to depose the expert somehow operated as a waiver of objections is itself frivolous.

**B.    <u>Plaintiff's Argument that the Meet and Confer was Not Robust or Long Enough or to Count and is Consequently Sanctionable is Utterly Groundless.</u>**

Contrary to Plaintiff's suggestion otherwise, defense counsel told them in writing days in advance of the telephone conference that he needed to hold a "meet and confer" regarding Plaintiff's expert disclosures. (Exhibit "A"). During the conference, counsel advised Plaintiff that it was the defense position that the expert disclosure was entirely inadmissible and provided counsel caselaw citations supporting all of their arguments as a courtesy. Also, as a courtesy counsel indicated Plaintiff could have additional time to oppose for the asking. <u>Id.</u> Counsel was under no illusions that Plaintiff and its counsel would concede that the expert was not helpful to the trier of fact thus resulting in a waste of all the resources spent to compensate an attorney expert for his report and they would have no expert at trial. There is certainly much at stake with motions to strike expert; however, the Supreme Court is clear that the trial court must scrutinize expert testimony because of its potential powerful effect on a jury as part of its gatekeeper function. These are not disputes that rarely lend themselves to middle ground compromise like a documentary evidence dispute.  Plaintiff's counsel of course understands this. It speaks volumes that they then had no substantive response to the case law provided them beyond their naked assertion that it did not support striking the expert. Despite being told that it was the defense position that the expert was altogether improper, Plaintiff offered as a ruse to discuss more specific parts of the expert report. They purposefully tried to change the argument so that they

---

(D.N.J. 1996)(so noting). One of the primary purposes of requiring experts to disclose their methodology and opinions in a report is to avoid the expert deposition altogether. <u>See</u>  <u>Elgas v. Colorado Belle Corp.</u>, 179 F.R.D. 296, 299 (D. Nev. 1998); <u>see also</u> <u>Acosta v. Electrolux North America</u>, No. 08–60213–CIV, 2008 WL 5246160, at *5 (S.D. Fla. Dec. 16, 2008) ("[A]n expert report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial[.]" (internal quotation marks and brackets omitted)).

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

could make this argument now.

The Clark County Defendants simply urge the Court to review the attached declaration of counsel which includes the written correspondence between the parties and that Plaintiff has already raised the issue of sanctions before the motion was filed and thus before they had any basis to argue that they were not given enough time. (Exhibit "A"). Plaintiff does not have a valid basis to argue that they were not meaningfully heard by defense counsel prior to the motion being filed. The only requirement is to inquire about whether there remains a dispute between the parties and it was obvious that there was as Plaintiff did not (and practically could not given the stakes and cost) merely stipulate to withdraw its expert. Plaintiff's due process rights to be meaningfully heard by a neutral arbiter is satisfied when the motion is heard by the Court. The meet and confer requirement does not mean that there must be a dress rehearsal argument between counsel about their respective positions before the dispute becomes ripe for judicial intervention. The phone conference held by the parties sufficed to know that there was a wide difference of opinion about the admissibility of the expert and defense counsel's allowance to give Plaintiff the entire motion and extra time to oppose was collegial and served to amplify the meet and confer process.

Plaintiff's disparaging comments concerning bad faith practice and even directly calling defense counsel a liar are out of harmony with the standards of civil and courteous practice before this Honorable Court. Beyond uncivil, the allegations are demonstrably false. Plaintiff's sanction-seeking offensive pertaining to the meet and confer process is devoid of factual and legal support and should be both denied and denounced.

**C.   The Motion to Strike Plaintiff's Expert Does Not Expand the Clark County Defendants' Arguments to Obtain or Resist Summary Judgment.**

The Clark County Defendants have addressed Plaintiff's characterization of the motion to strike the expert as just a sur-reply to rehash previously made arguments or raise new ones has been substantively addressed in the opposition to Plaintiff's motion to strike. Plaintiff elects to not engage in specific arguments comparing the content of the previously filed briefs and instead relies on the strategy of truth by assertion. The point by point arguments are reiterated here as a

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

OLSON CANNON GORMLEY & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

1   solid defense to Plaintiff's sanctions request. Beyond that, it needs be said that Plaintiff's sur-

2   reply characterization rests on a vain view of the content of Plaintiff's summary judgment motion

3   and its reply to the opposition. The Clark County Defendants have only sought to have the Court

4   scrutinize Plaintiff's expert's methodology and opinions and requested that the report be struck

5   for falling short of Rule 702 standards. They have not and need not use the arguments that

6   Plaintiff's expert's legal conclusions are amiss given Ninth Circuit law to bolster their motion for

7   summary judgment or the opposition to Plaintiff's motion.

8           Plaintiff's assertion that the motion to strike is just a response to the reply Plaintiff filed

9   in support of its own motion for summary judgment is belied when one examines the content of

10   the two documents. Beyond taking the position that the expert report itself is not proper evidence

11   at trial, Rule 56 evidence or admissible evidence for any purpose in this case, there is simply no

12   credence to Plaintiff's characterization of the motion as a sur-reply. Plaintiff's motion is not well

13   taken and should be denied to permit the Court to undertake its gatekeeping role as to the

14   admissibility of Plaintiff's expert's legal opinions.

15           The Clark County Defendants asserted a timely objection to the admissibility of the

16   expert opinions with a motion to strike. The motion was filed twenty-one (21) days after

17   Plaintiff's reply was filed including the aforementioned statement. The motion to strike

18   (ostensibly a motion in limine) was also submitted before the District Court Judge undertook any

19   consideration of the summary judgment briefs and even before the motion in limine deadline was

20   even set per local rules and the Court's scheduling practices. The filing of the motion to strike

21   (including specific points and authorities) further forecloses any waiver of objection argument

22   that could be made by Plaintiff for purposes of deciding the pending motions or for purposes of

23   trial.[2] The detailed admissibility objections based upon well-established Federal Rule of 702

---

25   [2] Defects in evidence submitted in motions or oppositions to summary judgment are not waived
26   when the opposing party files a "motion to strike or other objection." Scharf v. United States
Attorney General, 597 F.2d 1240, 1243 (9th Cir.1979); see also Fireguard Sprinkler Sys., Inc. v.
27   Scottsdale Ins. Co., 864 F.2d 648, 651-52 & n. 2 (9th Cir. 1988)("We have held that '[i]f a
party fails to move to strike an affidavit that is allegedly defective under Rule 56(e), he waives
28   any objection to it."). Any such alleged waiver, additionally, only applies to whether the
objection will be waived with respect to the subject motion practice, not to whether it will be

1  standards has been preserved by the Clark County Defendants and is now properly considered

2  prior to adjudication of the briefed motions and well prior to the parties submitting a joint pretrial

3  order, if necessary.

4      In sum, Plaintiff has failed to present any reasoned basis to be awarded sanctions for

5  having to defend on the merits the Clark County Defendants' motion challenging the

6  admissibility of the Flummerfelt report and his included opinions. Plaintiff has made an improper

7  use of Rule 11--apparently believing hard-ball litigation tactics of an aggressive offense shores

8  up a fragile defense), The unnecessarily expended time and effort in this case has actually been

9  having shouldered by Defendants in having to oppose the two counter-motions instead of simply

10  focusing on the legal issues entailed in the Rule 702 challenge to Plaintiff's expert report.

11  Plaintiff's Rule 11 motion does not measure up to Rule 11 standards.

## III.  CONCLUSION

13      IN ACCORDANCE WITH THE FOREGOING, the Clark County Defendants

14  respectfully submit that the Court should deny out of hand Plaintiff's motion [#55] for sanctions.

16      RESPECTFULLY SUBMITTED this 24th day of July, 2020.

17                         OLSON CANNON GORMLEY
                       & STOBERSKI

18                         By /s/ *Thomas D. Dillard*

19                         THOMAS D. DILLARD, JR., ESQ. (#006270)
                       STEPHANIE A. BARKER, ESQ. (#003176)

20                         9950 West Cheyenne Avenue
                       Las Vegas, Nevada 89129

21                         Attorney for Clark County Defendants

---

26  waived at trial. In other words, failure to object to evidence presented in connection with a summary judgment motion (which has not occurred here) still does not waive any objection to

27  that evidence at trial. See Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 118 (2d Cir.2004) (noting in connection with an appeal from an order granting summary judgment that

28  on remand "at trial, plaintiffs are free to reiterate their objections to [the district court's evidentiary] rulings").

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012  Telecopier (702) 383-0701

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of July, 2020, I served the above

**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** through the CM/ECF

system of the United States District Court for the District of Nevada (or, if necessary, by U.S.

Mail, first class, postage pre-paid), upon the following:

Ronald D. Green, Esq.
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Ste. 109
Las Vegas, Nevada 89117
P: 702-420-2001
ecf@randazza.com
Attorneys for Plaintiff

/s/ *Melissa Burgener*
An Employee of Olson Cannon Gormley
& Stoberski